UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABDULLAH SPENCER NIMHAM-EL-DEY, | |
| Plaintiff, | 21-CV-8240 (LTS) |
| -against- | ORDER TO SHOW CAUSE |
| P.O. VASQUES, P.O. VASQUEZ N.Y.C., | |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained on Rikers Island, brings this *pro se* action alleging that Defendants violated his rights in 2008. By order dated October 8, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court directs Plaintiff to show cause why the complaint should not be dismissed as untimely.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings claims of "false arrest" and "failure to protect," arising out of events that occurred in 2008. He alleges the following: two New York City Police Department (NYPD) officers, each with the last name Vasquez, arrested him. On an unspecified date, "[t]he case was dismissed." (ECF 2, at 7.) At some point after the case was dismissed, Plaintiff interacted with Defendants at a courthouse, where the officers were "crying [and] begging forgiveness … they

begged me not to sue." (*Id.*) Although Plaintiff then "agreed [not to sue] because [he] was told by

Belvue [sic] doctors that [he] would walk again[] since then [his] medical condition has

worsened, and [he is] still paraplegic, and [his] life has not gotten better but worse." (*Id.*)

Plaintiff "pray[s] that [the] Court allows [Plaintiff] to proceed beyond the statute of

limitations." (*Id.*)

Plaintiff seeks $100,000,000 in damages for false arrest and "physical injury." (*Id.*)

## DISCUSSION

**A.      Section 1983**

Because Plaintiff names two NYPD police officers, the Court construes the complaint as

asserting claims under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must

allege both that: (1) a right secured by the Constitution or laws of the United States was violated,

and (2) the right was violated by a person acting under the color of state law, or a "state actor."

*West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**B.      Statute of Limitations**

1.      Plaintiff's Claims Are Time-Barred

Plaintiff's Section 1983 claims appear to be time-barred. The statute of limitations for

Section 1983 claims is found in the "general or residual [state] statute [of limitations] for

personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting

*Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y.

C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to

know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir.

2013).

Plaintiff alleges that in 2008, Defendants falsely arrested him and, apparently, used force

during the arrest. These claims, however, are time-barred, as the time to file a complaint

asserting these claims expired some time in 2011. Plaintiff also brings a failure-to-protect claim, but he does not state facts indicating when (or where) this alleged violation occurred.

As for any claim arising out of the dismissal of Plaintiff's criminal case, such a claim also appears to be untimely. Plaintiff does not state the date his criminal case was dismissed, but unless it was dismissed approximately ten years after his arrest – that is, in June 2018 – such a claim would be untimely. The Courts notes that, for the purposes of this order, the prison mailbox rule applies and the filing date for the complaint is June 27, 2021, the date Plaintiff signed the complaint, not October 4, 2021, the date the court's Clerk's Office received the complaint. *Walker v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir. 2005) (holding that under the prison mailbox rule, a submission from a prisoner is considered filed on the date the prisoner signed the submission).

2.      Equitable Tolling

A district court may toll the limitation period under the doctrine of equitable tolling, which permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the limitations has expired. *See Pearl*, 296 F.3d at 82-83. New York law also provides that where a person "is under a disability because of … insanity at the time the cause of action accrues," the applicable statute of limitations will be tolled.[2] N.Y. C.P.L.R. § 208; *see, e.g.*, *Gardner v. Wansart*, No. 05-

---

[2] New York law also provides for tolling in other circumstances. *See, e.g.,* N.Y. C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id.*

CV-3351, 2006 WL 2742043, at *5 n.4 (S.D.N.Y. Sept. 25, 2006) (although mental illness is on its own insufficient for equitable tolling purposes, tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable to protect [his] legal rights because of an overall inability to function in society").

Plaintiff does not allege facts suggesting that the statute of limitations should be equitably tolled in this case because of "compelling circumstances." *In re U.S. Lines, Inc.*, 318 F.3d at 436. He instead requests that the Court toll the limitation period, without providing any reason why the Court should do so. Thus, the Court finds that equitably tolling should not apply in this case.

3.      Notice and opportunity to be heard

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d at 640. Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds). But district courts should grant notice and opportunity to be heard before dismissing a complaint *sua sponte* on statute of limitations grounds. *See Abbas*, 480 F.3d at 640.

---

at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity), *id*. at § 210 (death of plaintiff or defendant).

The Court therefore directs Plaintiff to file a declaration within 60 days of the date of this order, stating why the complaint should not be dismissed as time-barred. Plaintiff may include any facts showing that the Court should apply equitable tolling.

## CONCLUSION

The Court directs Plaintiff to file a declaration within 60 days of the date of this order showing why the complaint should not be dismissed as time-barred. Plaintiff must submit the declaration to this court's Pro Se Intake Unit, caption the document as a "Declaration," and label the document with docket number 21-CV-8240 (LTS). A declaration form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the claims will be dismissed as time-barred, and the complaint will be dismissed for failure to state a claim.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   October 25, 2021
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____
Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____
Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)                          Signature

_____             _____

Name                                        Prison Identification # (if incarcerated)

_____             _____

Address                    City             State        Zip Code

_____             _____

Telephone Number (if available)             E-mail Address (if available)