UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIMHAM-EL-DEY,

                              Plaintiff,

                -against-

VASQUEZ, et al.,

                              Defendants.

21-CV-8240 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is detained on Rikers Island, is proceeding *pro se* and *in forma pauperis*

("IFP"). Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging that Defendants violated

his constitutional rights in 2008. By order dated October 25, 2021, the Court directed Plaintiff to

show cause why the complaint should not be dismissed as time barred. Plaintiff filed a

declaration, and the Court has reviewed it. The action is hereby dismissed for failure to state a

claim upon which relief may be granted because it is time barred.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter

jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

Plaintiff brought this action against two New York City Police Department officers, asserting false arrest and failure-to-protect claims. He stated that the events giving rise to his claims occurred in 2008. He also acknowledged in the complaint that his claims were untimely. (ECF 2, at 7) ("I am praying that this honorable court allows me to proceed beyond the statute of limitations.").

In his declaration, Plaintiff states the following:

> I do pray my apparent untimeliness to file my pleadings has not placed superior heritable right to claim such damages at a disadvantage, for the circumstances attending such untimeliness were such as to bona-fidely constitute a legal excuse for it, as I was placed under threat, duress, and coercion when, subsequent to the dismissal of the initial criminal case, said glassmen did approach me outside of court room feigning to be forgiveness. Yet there is no forgiveness without confession of judgement and repentance (Luke 11:46-53).

(ECF 6, at 5) (any errors in original). Plaintiff also states that his

> medical condition has exacerbated since, for I was under the impression I would again, as the Belvue doctors said, walk, since the said exacerbation my medical condition has le[ ]d to syncopy (T.I.A.) at worse. Since me and my family has been placed under covin (A secret conspiracy or agreement between two or more persons to injure or defraud another (Mix v. Muzzy, 28 Conn. 191)[1] . . . Placed under the glassmen's threat, duress and coercion, of which I and my family had to live in such fear of death prompting my family to agree with my declination to file suit.

(*Id.* at 5-6) (same).

---

[1] Plaintiff refers to this 1859 Supreme Court of Errors decision where a Connecticut court explained the history of the term "covin": "Such a transaction would be a fraud upon the other partner, or, more properly, it would be what is called covin, which is by Lord Ellenborough defined to be 'a contrivance between two to defraud or cheat a third.'" *Mix v. Muzzy*, 28 Conn. 186, 191 (Conn. 1859).

## DISCUSSION

Plaintiff's false arrest claims, arising in 2008, and failure-to-protect claims, which also appear to be related to the 2008 events, are time barred.[2] The statute of limitations for Section 1983 claims is three years. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002); N.Y. C.P.L.R. § 214(5). Although the Court may toll the limitation period under the doctrine of equitable tolling, Plaintiff does not state any facts suggesting that "compelling circumstances" warrant tolling the limitation period here. *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). His general reference to "threat, duress and coercion" does not explain why he waited thirteen years to file this action. The Court concludes that the reasons provided in the declaration do not meet any standard required under the doctrine of equitable tolling to toll the limitation period.

As the Court has granted Plaintiff an opportunity to address the timeliness of this action, *see Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) (holding that district courts must provide a plaintiff "notice and opportunity to be heard" before dismissing an action based on the statute of limitations), the Court dismisses this action because the existence of an affirmative defense – statute of limitations – is plain from the face of the pleading, *see Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted). Because dismissal on statute of

---

[2] Plaintiff also brings a failure-to-protect claim that appears to be related to the 2008 events, but he does not state facts indicating when (or where) this alleged violation occurred or demonstrate in any other way that it is timely in his response to the order to show cause, which noted the failure to protect claim and directed him to address why his complaint should not be dismissed.

limitation grounds is a dismissal for failure to state a claim, *see Akassy v. Hardy*, 887 F.3d 91, 95 (2d Cir. 2018) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)) (dismissal because of the statute of limitations is for failure to state a claim on which relief may be granted), the Court dismisses this action under 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    February 28, 2022
         New York, New York

          /s/ Laura Taylor Swain
          _____
          LAURA TAYLOR SWAIN
          Chief United States District Judge

4